**UNITED STATES DISTRICT COURT**
**CENTRAL DISTRICT OF CALIFORNIA**

| | |
|---|---|
| KUY NAM KO, | ) NO. 5:26-cv-02020-KS |
|       Petitioner, | ) |
|   v. | ) **MEMORANDUM OPINION AND** |
| | ) **ORDER** |
| MARKWAYNE MULLIN et al., | ) |
|       Respondents. | ) |
| ——————————————————— | ) |

Before the Court is the Petition for Writ of Habeas Corpus ("Petition") filed by Petitioner Kuy Nam Ko ("Petitioner") on April 21, 2026. (Dkt. No. 1.) Petitioner, who is currently detained at the Adelanto Immigration and Customs Enforcement ("ICE") Processing Center in Adelanto, California, is seeking release from custody on a reasonable bond amount, or alternatively, a new bond hearing before an immigration judge ("IJ"). (*Id.* at 19.) Respondents filed an Answer to the Petition on April 29, 2026. (Dkt. No. 9.) Petitioner filed a Reply on April 30, 2026. (Dkt. No. 10.). For the following reasons, the Petition is **GRANTED**.

## BACKGROUND

Petitioner is a native and citizen of South Korea who arrived in the United States as a nonimmigrant on December 16, 2005 and remained in valid status until 2008. (Dkt. No. 1 at 4

1

¶¶ 23, 24.)  On April 22, 2009, Petitioner married his wife, a United States citizen to whom he remains married.  (*Id.* ¶ 25.)  Petitioner also has an adult daughter who is a United States citizen.  (*Id.*)  Petitioner currently serves as pastor in Los Angeles, California.  (*Id.* ¶ 27.)

On August 13, 2009, Petitioner was arrested by immigration authorities in a targeted operation, detained, and placed into removal proceedings on charges of overstaying a temporary nonimmigrant visa and marriage fraud.  (*Id.* ¶ 29.)  At the time of the 2009 arrest, South Korean authorities had issued an arrest warrant against Petitioner.  (*Id.* ¶ 30.)  Petitioner was ordered released on a $50,000 bond on October 20, 2009 and placed in an alternatives to detention program.  (*Id.* at 5 ¶ 33.)

In 2013, United States Citizenship and Immigration Services ("USCIS") approved Petitioner's wife's petition to establish a qualifying relationship with a noncitizen who wishes to stay in the United States.  (*Id.* ¶ 35.)  On November 16, 2016, an immigration judge terminated removal proceedings at the parties' request so that Petitioner could pursue adjustment of status before USCIS.  (*Id.* ¶ 37.)

On February 27, 2026, Petitioner appeared for an interview on his adjustment of status application before USCIS where he was detained by the Department of Homeland Security ("DHS").  (*Id.* at 5-6 ¶¶ 38, 39.)  On March 3, 2026, DHS initiated new removal proceedings based on charges for overstaying a nonimmigrant visa.  (*Id.* at 6 ¶¶ 40, 41.)

On March 5, 2026, Petitioner, through prior counsel, filed a petition for writ of habeas corpus in this Court and an application for a Temporary Restraining Order ("TRO").[1]  (*Id.* ¶ 42.)  The presiding judge in that case ordered that the respondents provide Petitioner with an individualized bond hearing within seven days of that order.  (*Id.* at 7 ¶ 46.)  On April 13, 2026,

---

[1] *Ko v. Lyons*, No. 5:26-cv-01050-FLA-SP (C.D. Cal. March 5, 2026).

2

the Court dismissed the habeas petition pursuant to the parties' stipulation.  (*Id.* ¶ 47.)

Petitioner's bond hearing took place on March 31, 2026 before an immigration judge. (*Id.* ¶ 48.)   Petitioner submitted documents in support of bond establishing his medical conditions, community ties, and eligibility for relief in removal proceedings.  (*Id.* ¶ 49.) DHS submitted a South Korean arrest warrant purportedly dated December 5, 2025 that concerned a 1998 incident in which Petitioner is alleged to have been transferred land for which he never paid.  (*Id.* ¶¶ 50, 51.)  In response to this filing, Petitioner submitted a certificate from the Commissioner General of the Korean National Police Agency dated March 23, 2026 stating that there is no record of criminal charges issued against Petitioner as well as a letter from the Incheon District Prosecutor's Office dated March 26, 2026 providing that the case proceeded to be investigated for extradition but then the charge was withdrawn on January 26, 2022.  (*Id.* at 8 ¶¶ 55-57.)  The IJ determined that Petitioner is a flight risk based on the arrest warrant from South Korea and stated that even if the charge was withdrawn in 2022, there was a new arrest warrant issued in December 2025 based on another criminal investigation.  (*Id.* at 9 ¶ 58.)  Petitioner did not appeal the IJ's bond decision.  (*Id.* ¶ 60.)  Petitioner remains detained pending his removal proceedings.  (*Id.* ¶ 61.)  Petitioner is eligible for adjustment of status to apply for permanent residency based on his marriage to a United States citizen.  (*Id.*)

## THE PARTIES' ARGUMENTS

The Petition asserts five claims for relief: (1) Petitioner's ongoing detention is unauthorized under *Matter of Patel*, 15 I. & N. Dec. 666 (B.I.A. 1976) because Petitioner established he is not a flight risk; (2) the IJ's decision to deny bond due to the South Korean arrest warrant was arbitrary and an abuse of discretion; (3) the IJ's failure to properly apply the factors set forth in *Matter of Guerra*, 24 I. & N. Dec. 37 (BIA 2006) was an abuse of discretion; (4) the IJ's failure to set a reasonable bond amount was an abuse of discretion; and (5) Petitioner's ongoing detention violates his Fifth Amendment due process rights.  (Dkt. No. 1

at 12-19.)  Accordingly, Petitioner requests an order that he be released from custody or on a bond of $1500 or other reasonable bond amount.  (*Id.* at 19.)  Alternatively, Petitioner requests an order that he be afforded a new bond hearing before an immigration judge that complies with governing law and due process.  (*Id.*)

In the Answer, Respondents argue that Petitioner has not shown that the government lacked authority to detain him under 8 U.S.C. § 1226(a) ("Section 1226(a)"), which permits arrest and decision pending a decision on removal.  (Dkt. No. 9 at 2.)  Respondents also aver that Petitioner's habeas challenge of his detention is defective because he failed to exhaust his administrative remedies.  (*Id.* at 2-3.)  Lastly, Respondents assert that Petitioner's argument that his detention jeopardizes his health fails because it is not a proper basis for immediate release.  (*Id.* at 4.)

In the Reply, Petitioner contends that there is only authority to detain under Section 1226(a) when Petitioner is a danger to the community or a flight risk, neither of which the government has yet to prove.  (Dkt. No. 10 at 1.)  Next, Petitioner asserts that the Court should waive any exhaustion requirement because "[i]t is futile to appeal to the Board of Immigration Appeals, when the Board itself does not sustain *any* Adelanto court appeals by noncitizens based on immigration judge error."  (*Id.* at 2.)  "Further, the appeal period would take months, and Petitioner has already suffered while in ICE detention unlawfully and is in poor health."  (*Id.*)  Petitioner clarifies that he "does not argue that his medical condition is grounds for release from custody."  (*Id.* at 2 n. 1.)  Rather, Petitioner "argues that prudential exhaustion should not apply given his condition."  (*Id.*)  As such, Petitioner maintains that the "Court should order that Petitioner be released from custody, or [] on a bond of $1500 or another reasonable bond amount."  (*Id.* at 3.)  "Alternatively, the Court should order that Petitioner be afforded a new bond hearing before an immigration judge that complies with governing law and due process."  (*Id.*)

**DISCUSSION**

## I.    <u>Jurisdiction</u>

A writ of habeas corpus is "available to every individual detained within the United States." *Hamdi v. Rumsfeld*, 542 U.S. 507, 525 (2004) (citing U.S. Const., Art. I, § 9, cl. 2). "The essence of habeas corpus is an attack by a person in custody upon the legality of that custody, and . . . the traditional function of the writ is to secure release from illegal custody." *Preiser v. Rodriguez*, 411 U.S. 475, 484 (1973); 28 U.S.C. § 2241(c)(3). "[D]istrict courts retain jurisdiction under 28 U.S.C. § 2241 to consider habeas challenges to immigration detention that are sufficiently independent of the merits of [a] removal order." *Lopez-Marroquin v. Barr*, 955 F.3d 759 (9th Cir. 2020).

Although federal courts generally lack jurisdiction to review discretionary bond determinations, 8 U.S.C. § 1226(e) does not preclude judicial review of constitutional claims or questions of law. *Martinez v. Clark*, 124 F.4th 775, 781-82 (9th Cir. 2024); *see also Singh v. Holder*, 638 F.3d 1196, 1202 (9th Cir. 2011) ("§ 1226(e) does not strip a district court of its traditional habeas jurisdiction, bar constitutional challenges or preclude a district court from addressing a habeas petition challenging the statutory framework that permits the petitioner's detention without bail."). Because the determination of whether a noncitizen is dangerous or a risk of flight for immigration-detention purposes involves a mixed question of law and fact, it is reviewable in habeas proceedings. *Martinez*, 124 F.4th at 779 (citing *Wilkinson v. Garland*, 601 U.S. 209 (2024)); *see also W.T.M. v. Bondi*, No. 2:25-cv-02428-RAJ-BAT, 2026 U.S. Dist. LEXIS 21315, at *4 (W.D. Wash. Jan. 30, 2026) (concluding that Section 1226(e) did not divest the district court of its subject-matter jurisdiction over the petitioner's claim because the petitioner was "challenging whether the IJ provided him with a bond hearing that comports with the constitutional due process protections to which he is entitled" rather than "challenging the IJ's discretionary judgment").

## II.       <u>Administrative Exhaustion</u>

Once an immigration detainee receives a bond hearing before an IJ, the detainee may appeal the IJ's decision to the BIA. *Leonardo v. Crawford*, 646 F.3d 1157, 1159 (9th Cir. 2011). If the detainee disagrees with the BIA's decision, the detainee may challenge the detainee's continued detention by filing a habeas petition in the district court. *Id.* Thereafter, "the district court's decision on the habeas petition may be appealed" to the Ninth Circuit. *Id.*

Although 28 U.S.C. § 2241 "does not specifically require petitioners to exhaust direct appeals before filing petitions for habeas corpus," Ninth Circuit precedent may "require, as a prudential matter, that habeas petitioners exhaust available judicial and administrative remedies before seeking relief under § 2241." *Castro-Cortez v. INS*, 239 F.3d 1037, 1047 (9th Cir. 2001), *abrogated on other grounds by Fernandez-Vargas v. Gonzales*, 548 U.S. 30 (2006). Specifically, Courts may require prudential exhaustion if: (1) agency expertise makes agency consideration necessary to generate a proper record and reach a proper decision; (2) relaxation of the requirement would encourage the deliberate bypass of the administrative scheme; and (3) administrative review is likely to allow the agency to correct its own mistakes and to preclude the need for judicial review. *Puga v. Chertoff*, 488 F.3d 812, 815 (9th Cir. 2007).

If a petitioner does not exhaust administrative remedies, "a district court ordinarily should either dismiss the petition without prejudice or stay the proceedings until the petitioner has exhausted remedies." *Leonardo*, 646 F.3d at 1160. However, even if the *Puga* factors weigh in favor of prudential exhaustion, courts may waive the exhaustion requirement when "administrative remedies are inadequate or not efficacious, pursuit of administrative remedies would be a futile gesture, irreparable injury will result, or the administrative proceedings would be void." *Laing v. Ashcroft*, 370 F.3d 994, 1000 (9th Cir. 2004) (citation omitted). The Ninth Circuit "has also found waiver in cases where petitioners were challenging issues other than the BIA's ruling on removability." *Id.* at 1001 (citing *Marquez v. INS*, 346 F.3d 892 (9th Cir.

2003) and *Ali v. Ashcroft*, 346 F.3d 873 (2003)). "The party moving the court to waive prudential exhaustion requirements bears the burden of demonstrating that at least one of these *Laing* factors applies." *Chavez v. Noem*, 801 F. Supp. 3d 1133, 1139 (S.D. Cal. 2025).

Respondents argue that Petitioner's habeas challenge is defective because Petitioner failed to exhaust his administrative remedies. (Dkt. No. 9 at 3.) Specifically, Respondents assert that exhaustion is required in this case because each of the *Puga* factors is met and "green-lighting Petitioner's strategy to skip the process before [the Executive Office of Immigration Review ("EOIR")] needlessly increases the burden on district courts." (*Id.* at 3.) However, Petitioner contends that any exhaustion requirement should be waived because the BIA does not sustain any Adelanto court appeals based on IJ error and the delays inherent in the review process pose a challenge to Petitioner's ongoing health concerns. (Dkt. No. 10 at 2.)

Upon consideration of the *Puga* factors, the Court finds that prudential exhaustion is not required in this case. First, the BIA's expertise in immigration bond decisions is not necessary to decide the *legal* questions at issue here. *See Soriano v. Hernandez*, No. 2:26-cv-00900-DGE, 2026 U.S. Dist. LEXIS 79044, at *9 (W.D. Wash. Apr. 10, 2026) (finding the first *Puga* factor weighed against requiring prudential exhaustion because the BIA's expertise was not need to address the issue of "whether, as a matter of law, the undisputed evidence presented at the bond hearing could establish that Petitioner posed a flight risk"). Second, "waiver of the prudential exhaustion requirement will not 'encourage the deliberate bypass of the administrative scheme,'" and "[a]ny risk of deliberate bypass of administrative procedures is further reduced by the fact that district courts will only have jurisdiction in the 'rare case[s]' where future plaintiffs allege a 'colorable' constitutional or legal challenge to the government's procedures." *Hernandez v. Sessions*, 872 F.3d 976, 989 (9th Cir. 2017) (quoting *Torres-Aguilar v. INS*, 246 F.3d 1267, 1271 (9th Cir. 2001)). Additionally, "a ruling in this case may . . . be beneficial to provide the specific immigration court, which regularly handles bond

hearings, with guidance on the types of circumstances that may lead to a finding of constitutional deficiency." *Soriano*, 2026 U.S. Dist. LEXIS 79044, at *10. Lastly, where an issue in the petition is whether procedural due process was violated, "the Court finds no reason to delay review in favor of allowing the BIA to possibly correct an error." *Id.*

Nevertheless, even if the *Puga* factors were met, the Court finds waiver of any exhaustion requirement is warranted. Petitioner has resided in the United States for 20 years, has maintained a clean criminal record, has worked to support his wife and daughter, and has an extensive medical history, which includes a left lung lobectomy, stomach surgery, glaucoma, and chronic bronchitis. Given the lengthy delays inherent in the current appeals process, Petitioner will suffer irreparable injury if he is required to wait for a BIA decision before being permitted to file a habeas claim. *See Lopez v. Hernandez*, No. C26-0775 TSZ, 2026 U.S. Dist. LEXIS 80556, at *7-8 (W.D. Wash. Apr. 13, 2026) (waiving prudential exhaustion because the petitioner "present[ed] health and family care reasons for concluding that irreparable injury would result from requiring her to remain in custody while appealing the denial of bond to the BIA"); *Rodriguez v. Bostock*, 779 F. Supp. 3d 1239, 1254 (W.D. Wash. 2025) (quotations omitted) (waiving prudential exhaustion where the petitioner "presented uncontested evidence of unique harm to him," including "several health issues that require daily medication, which he did not receive for over a week after being detained"); *Ortega-Rangel v. Sessions*, 313 F. Supp. 3d 993, 1003 (N.D. Cal. 2018) ("Given that she has lived in the United States for 18 years, she has no criminal record (other than the single arrest upon which the IJ based the detention order), that she has a pending criminal case that her ICE detention renders more difficult to defend, and that she is the primary caregiver for her 9-year old child, Ms. Ortega (and her child) will be irreparably harmed by further delay in providing her with a detention proceeding that comports with due process."). Therefore, the Court concludes that Petitioner has met his burden of establishing the *Laing* factor of irreparable harm and exercises its discretion to waive administrative exhaustion in this matter.

**III.** **Sufficiency of Petitioner's Bond Hearing**

Having found that this Court has jurisdiction and that Petitioner need not exhaust his administrative remedies, the Court now turns to the question of whether the bond hearing provided to Petitioner was legally and constitutionally adequate.

**A.** **Standard of Review**

The parties agree that Petitioner is detained pursuant to Section 1226(a), which authorizes the detention of certain noncitizens "already in the country pending the outcome of removal proceedings." *Jennings v. Rodriguez*, 583 U.S. 281, 289 (2018). When a noncitizen is arrested and taken into immigration custody pursuant to Section 1226(a), ICE makes an initial custody determination, including the setting of bond. *See* 8 C.F.R. § 236.1(c)(8). After the initial custody determination, the detainee may request a bond redetermination by an immigration judge. 8 C.F.R. § 236.1(d)(1).

At the bond redetermination hearing, the immigration judge must consider whether the detainee "is a threat to national security, a danger to the community at large, likely to abscond, or otherwise a poor bail risk." *Matter of Guerra*, 24 I. & N. Dec. 37, 40 (B.I.A. 2006) (citing *Matter of Patel*, 15 I. & N. Dec. 666 (B.I.A. 1976)). The immigration judge may also consider any number of discretionary factors, including: (1) whether the detainee has a fixed address in the United States; (2) the detainee's length of residence in the United States; (3) the detainee's family ties in the United States, and whether they may entitle the detainee to reside permanently in the United States in the future; (4) the detainee's employment history; (5) the detainee's record of appearance in court; (6) the detainee's criminal record, including the extensiveness of criminal activity, the recency of such activity, and the seriousness of the offenses; (7) the detainee's history of immigration violations; (8) any attempts by the detainee to flee persecution or otherwise escape authorities; and (9) the detainee's manner of entry to the United

States. *Id.* The burden is on the detainee to demonstrate that release on bond is warranted. *Id.*

The IJ has "broad discretion in deciding the factors that he or she may consider" and "may choose to give greater weight to one factor over others, as long as the decision is reasonable." *Id.* at 40. Therefore, the habeas court's review of an IJ's determination of dangerousness or risk of flight is for abuse of discretion. *Martinez*, 124 F.4th at 779, 784-85. When reviewing a determination for abuse of discretion, a court may only determine whether the IJ applied the correct legal standard, not reweigh evidence. *Id.* at 785 ((citing *Wilkinson v. Garland*, 601 U.S. 209, 220 (2024)).

**B.      The Immigration Judge's Bond Decision**

Here, the IJ denied bond at Petitioner's hearing and provided the following rationale:

I reviewed the evidence, I am going deny the request for bond finding he has not established that he is not a flight risk that's based on the arrest from South Korea. I do know the documents state Respondent submitted that it was withdrawn in 2022, however, the current arrest warrant incident number 4 that was signed by the judge December 2025, three years after it was withdrawn so apparently there's another criminal investigation to the Respondent, there's no evidence that shows the South Korean government in general abuses any sort of Interpol notices or arrest warrants to, as a subtexts to press any sort of political dissent or things of that nature like it's done in other countries.

(Dkt. No. 1-2 at 49 (cleaned up).)

\\

\\

10

The IJ then issued the following written order denying Petitioner bond:

Denied, because Respondent failed to meet his burden to establish that he is not such a significant risk of flight that no amount of bond or alternatives to detention would be sufficient to mitigate it.

The burden of proof was placed on Respondent. As explained by the Ninth Circuit Court of Appeals in Rodriguez Diaz v. Garland, 53 F.4th 1189, 1200 (9th Cir. 2022), a respondent seeking bond from an Immigration Judge in a bond proceeding under INA s. 236(a) must "demonstrate[] by the preponderance of the evidence that he is not 'a threat to national security, a danger to the community at large, likely to abscond, or otherwise a poor bail risk.'" Id. (quoting Matter of Guerra, 24 I&N Dec. 37, 40 (BIA 2006)); see also Flores v. Lynch, 828 F.3d 898, 909 (9th Cir. 2016) (stating that a respondent seeking custody redetermination under INA s. 236(a) "bears the burden of establishing 'that he or she does not present a danger to persons or property, is not a threat to the national security, and does not pose a risk of flight.'" (quoting Matter of Guerra, 24 I&N Dec. at 39)); Jennings v. Rodriguez, 583 U.S. 281, 306 (2018) (observing that "[n]othing in [section 236(a) of the Immigration and Nationality Act] . . . even remotely supports the imposition of" a requirement on the government to "prove by clear and convincing evidence that the alien's continued detention is necessary"). Respondent also conceded in court that he has the burden in an INA s. 236(a) bond hearing.

(Dkt. No. 9-2 at 1-2.)

\\

\\

11

**C.      Analysis**

**1.      *Abuse of Discretion***

The Court finds that the immigration judge's flight-risk finding and bond denial constitute abuse of discretion.  "Central to this conclusion are the absence of a reasoned explanation supporting the IJ's decisions [or] of any record demonstrating the IJ meaningfully engaged with the governing legal standard or evidence presented[.]"  *Gimenez*, 2026 U.S. Dist. LEXIS 94446, at *17-18.   Although the IJ's order sets forth the relevant factors to be considered, the "Court is left to speculate concerning how the immigration judge viewed the evidence in light of the applicable factors" and ultimately concluded that the factors weigh in favor of detaining Petitioner.  *Lopez v. Hernandez*, No. C26-0775 TSZ, 2026 U.S. Dist. LEXIS 80556, at *11-12 (W.D. Wash. Apr. 13, 2026).

Moreover, there is no indication in the record before this Court that the IJ made the flight-risk decision based on the totality of the circumstances or considered any mitigating factors, such as Petitioner's residence in the United States for 20 years, employment as a pastor, relationships with his United States citizen wife and daughter, extensive medical history, and record of no failures to appear.  *See Franco-Rosendo v. Gonzales*, 454 F.3d 965, 966 (9th Cir. 2006) (finding abuse of discretion where the BIA failed to consider and address evidence submitted by the petitioner in its entirety); *Martinez*, 124 F.4th at 779; *Matter of Guerra*, 24 I&N Dec. at 40.  Thus, the Court finds that the IJ's flight-risk finding and bond denial constitute abuse of discretion.

**2.      *Due Process***

"The IJ's misapplication of the legal standard also bears on Petitioner's due process rights," which require that the IJ consider relevant evidence.  *Velasquez v. Bondi*, No. 26-cv-

01759-GPC-DDL, 2026 U.S. Dist. LEXIS 85165, at \*16 (S.D. Cal. Apr. 16, 2026) (citing *Vilchez v. Holder*, 682 F.3d 1195, 1198 (9th Cir. 2012)). "Given the significant liberty interest at stake for noncitizens in immigration detention and the weak or nonexistent governmental interest in continued detention without adequate process, courts in this and other districts have found due process violations where IJs abuse discretion in bond determinations." *Gimenez v. Hernandez*, No. 2:26-cv-00966-GJL, 2026 U.S. Dist. LEXIS 94446, at \*17 (W.D. Wash. Apr. 29, 2026) (collecting cases).

Generally, federal courts take immigration courts at their word regarding their consideration of evidence. *Velasquez*, 2026 U.S. Dist. LEXIS 85165, at \*17 (citing *Martinez*, 124 F.4th at 785). "However, when there is an indication that an IJ failed to actually consider all the evidence—such as if the IJ 'fail[s] to mention highly probative of potentially dispositive evidence'—the Court will not credit an IJ's vague assertion." *Id.* (quoting and *Cole v. Holder*, 659 F.3d 762, 771-72 (9th Cir. 2011)).

In this matter, although the IJ vaguely asserted consideration of the evidence, the record before the Court offers no mention of the IJ's consideration of evidence that was highly probative to the risk of flight determination. Thus, based on the record before the Court, it appears the IJ failed to consider all relevant evidence as required by due process. *Id.* at \*17-18 (citing *Vilchez*, 682 F.3d at 1198).

### 3.    *Arbitrary and Capricious*

Petitioner also asserts that the IJ's bond decision is arbitrary in violation of the APA for the following reasons: (1) it fails to comport with *Matter of Patel*, 15 I. & N. Dec. 666 (B.I.A. 1976), "which dictates that no bond should have been required at all, let alone a finding that Petitioner was a flight risk of such a magnitude that no bond could be set to provide incentives for his continued appearance before the immigration court" (Dkt. No. 1 at 13 ¶ 83); (2) "there

are no new facts that have emerged since DHS was previously aware of the warrant in 2009, but then released Petitioner and agreed to the termination of removal proceedings entirely" (*id.* at 14 ¶ 91); (3) "it does not support the finding that Petitioner is a flight risk, per se" (*id.* ¶ 92); (4) "the purported arrest warrant is not properly certified under the regulations governing foreign public documents and is inadmissible" (*id.* at 15 ¶ 93); (5) "any purported arrest warrant cannot be taken at face value to require a conclusion that Petitioner is a *per se* flight risk" (*id.* ¶ 94); and (6) "the purported arrest warrant does not *per se* render Petitioner a flight risk when he is otherwise eligible for adjustment of status to become a lawful permanent resident" (*id.* at 16 ¶ 95).

The Administrative Procedure Act ("APA") provides that courts must "hold unlawful and set aside agency action . . . found to be—arbitrary, capricious, an abuse of discretion, or otherwise not in accordance with law," or "without observance of procedure required by law." 5 U.S.C. § 706(2); *Y-Z-L-H v. Bostock*, 792 F. Supp. 3d 1123, 1143-44 (D. Or. 2025). "[T]he touchstone of 'arbitrary and capricious' review under the APA is 'reasoned decisionmaking.'" *Altera Corp. & Subsidiaries v. Comm'r*, 926 F.3d 1061, 1080 (9th Cir. 2019) (quoting *Motor Vehicle Mfrs. Ass'n of U.S., Inc. v. State Farm Mut. Auto. Ins. Co.*, 463 U.S. 29, 52 (1983)); *Y-Z-L-H*, 792 F. Supp. 3d at 1144. Thus, any action by an agency "can only survive arbitrary or capricious review where it has articulated a satisfactory explanation for its action including a rational connection between the facts found and the choice made." *All. for the Wild Rockies v. Petrick*, 68 F.4th 475, 493 (9th Cir. 2023) (cleaned up); *Y-Z-L-H*, 792 F. Supp. 3d at 1144. Courts "'may not infer an agency's reasoning from mere silence' because 'it makes no difference what [an agency] may have had in mind but failed to express; an administrative agency is not allowed to change direction without some explanation of what it is doing and why.'" *Y-Z-L-H*, 792 F. Supp. 3d at 1144 (quoting *Arrington v. Daniels*, 516 F.3d 1106, 1112 (9th Cir. 2008) and *Int'l Union, UAW v. NLRB*, 802 F.2d 969, 973-74 (7th Cir. 1986)).

\\

14

Here, the Court declines to address Petitioner's APA claims and review the IJ's decision under the arbitrary and capricious standard. "The scope of our review under this standard is 'narrow'; as we have often recognized, 'a court is not to substitute its judgment for that of the agency.'" *Judulang v. Holder*, 565 U.S. 42, 52-53 (2011) (quoting *Motor Vehicle Mfrs. Ass'n*, 463 U.S. at 43). Moreover, Petitioner's arguments for these claims are largely duplicative of the issues already raised in other claims for which the Court has granted relief. *See* 5 U.S.C. § 706(2)(A) (providing that the scope of judicial review of actions by government agencies allows courts to "hold unlawful and set aside agency action, findings, and conclusions found to be . . . arbitrary, capricious, an abuse of discretion, or otherwise not in accordance with law"). Therefore, the Court will next consider what relief Petitioner is due.

## IV.    Relief

"In habeas cases, federal courts have broad discretion in conditioning a judgment granting relief." *Lujan v. Garcia*, 734 F.3d 917, 933 (9th Cir. 2013); *Burnett v. Lampert*, 432 F.3d 996, 999 (9th Cir. 2005) ("Federal courts have a fair amount of flexibility in fashioning specific habeas relief."). "Federal courts are authorized, under 28 U.S.C. § 2243, to dispose of habeas corpus matters 'as law and justice require.'" *Lujan*, 734 F.3d 917, 933 (quoting *Hilton v. Braunskill*, 481 U.S. 770, 775 (1987)). "Upon determining that an IJ provided a petitioner with a legally or constitutionally inadequate bond hearing, district courts have either ordered petitioner's immediate release [] or ordered that Respondents provide petitioner with a new constitutionally adequate bond hearing." *Velasquez*, 2026 U.S. Dist. LEXIS 85165, at *18 (citations omitted) (collecting cases).

Petitioner argues that the Court should provide relief in the form of his immediate release.[2]  (Dkt. No. 1 at 19.)  However, the Court finds that a new bond hearing is the

---

[2] Petitioner also requests an award of costs and attorney fees. (Dkt. No. 1 at 19.)  Any request for costs and fees must be filed separately and in accordance with the deadlines set by the Equal Access to Justice Act ("EAJA"), 28 U.S.C. § 2412.

15

appropriate remedy to afford the Immigration Court an opportunity to correct its errors and conduct a fair and thorough bond hearing that gives earnest and individualized consideration to the facts of Petitioner's case and complies governing law and due process.

## ORDER

For the reasons discussed above, the Petition for Writ of Habeas Corpus is **GRANTED**. **IT IS ORDERED** that Respondents must provide Petitioner with new bond hearing in accordance with the terms of this Order within seven (7) days.  Judgement shall be entered accordingly.

DATE: May 22, 2026

_____
HON. KAREN L. STEVENSON
CHIEF U.S. MAGISTRATE JUDGE

16